▇ In the Matter of CITY OF TONAWANDA, Respondent, v STATE OF NEW YORK et al., Appellants. [813 NYS2d 327]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 6, 2005. The judgment, inter alia, granted the petition in part and granted judgment in favor of petitioner declaring that respondents are required to defend petitioner in the underlying wrongful death action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondents appeal from a judgment that, inter alia, granted the "petition" in part and granted judgment in favor of petitioner declaring that respondents are required to defend petitioner in the underlying wrongful death action. It is undisputed that respondents and petitioner entered into an agreement for maintenance and repair of state arterial highways (Agreement) that related to, inter alia, the removal of snow and ice on state arterial highways passing through the City of Tonawanda, and that the bridge at issue is owned by respondents.

Section 12 (2-a) (a) of the Highway Law provides in relevant part that "the state shall indemnify and hold harmless such municipalities for any and all liability for damages for personal injury . . . or wrongful death for losses arising from or occasioned by the manner of performance of the functions under any agreement with a municipality for the control of snow and ice pursuant to this section." Pursuant to section 12 (2-a) (c), "[t]he municipality shall be entitled to representation by the attorney general in any claim described in paragraph (a) of this subdivision . . . ." Finally, pursuant to section 349-c (8-a) (a) of the Highway Law, "the state shall indemnify and hold harmless such city for any and all liability for damages for personal injury . . . or wrongful death for losses arising from or occasioned by the manner of performance of the functions under any agreement with a city for the maintenance and repair of state arterial highways pursuant to this section."

Based on the Agreement between the parties, we conclude that Supreme Court properly granted judgment in favor of petitioner declaring that respondents are required to defend petitioner in the underlying wrongful death action pursuant to section 12 (2-a) (a) and (c) and section 349-c (8-a) (a) of the Highway Law. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.